IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAM JOHNSON,

    Plaintiff,                               No. 2:12-cv-1059 GGH P

    vs.

JENNIFER SHAFFER, et. al.,            ORDER

    Defendants.

_____/

I. <u>Introduction</u>

        Plaintiff is a state prisoner proceeding with retained counsel who seeks relief pursuant to 42 U.S.C. § 1983. Presently pending is defendants' motion to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that plaintiff has failed to state a claim upon which relief can be granted and that defendants are immune from suit. Defendants include several governments officials and agencies responsible for the Board of Parole Hearings (BPH) and psychological assessments of prisoners provided for the BPH. A hearing was held before the undersigned on October 4, 2012. Keith Wattley appeared for plaintiff and Michael Lee appeared for defendant.

        The complaint alleges that the BPH has implemented policies making parole a virtual impossibility. Plaintiff contends that the BPH has created a team of psychological

1

evaluators called the Forensic Assessment Division (FAD), but the team has been equipped with invalid risk assessment tools that produce inaccurate and elevated predictions of future risk. It is alleged the BPH uses these improper reports from the FAD as a pretext to provide an evidentiary basis to deny parole. Plaintiff states his own psychiatric assessment was flawed and inaccurate and improperly used to deny him parole. Specifically, plaintiff raised the following twelve claims that allegedly violate federal due process and state law: 1) Defendants are utilizing invalid tools and inadequate training to produce impermissibly elevated risk assessments of plaintiff and others like him; 2 & 14) defendants made numerous false and misleading statements to the public and other state agencies regarding the process of establishing the FAD and selecting the risk assessment tools; 3) defendants refused to remove errors from plaintiff's psychological assessment; 4) while plaintiff was provided with the psychological assessment, he was not provided with the raw data of the assessment or a recording or transcript of the interview; 5) plaintiff was unable to be heard at the hearing because he did not have the raw data underlying the assessment; 6) defendants refuse to record or transcribe the psychological interviews; 7) there are no standards used by the FAD in distinguishing between the various risk categories (low, moderate, or high), thus there is a lack of consistency; 8) while defendants allow plaintiff and other prisoners to file objections to their assessments, the objections are frequently not provided to the BPH; 9) plaintiff and other prisoners are not permitted to question or meet with FAD psychologists after the reports haven been written; 10) defendants routinely overlook or discount errors or omissions contained in the assessments; 11) the BPH grants parole to less than 1% of prisoners appearing at their first hearings; 12 & 13) defendants deny plaintiff and other prisoners the ability to call witnesses, including adverse witnesses such as the FAD psychologists at their parole hearings; 15) defendants failed to comply with the requirements of California's Administrative Procedures Act is setting up the FAD; 16) defendants have never or almost never had FAD psychologists testify at parole hearings in violation of California law.

\\\\\

1     All of the above claims conclude with a tag line that due process (or equal protection) of the laws has been violated or that a state law has been violated. Claims 10 and 11 assert that the due process error in which leads to a biased adjudicator.

    Plaintiff does not seek damages, nor does he seek to have another hearing held in advance of when another hearing might normally be held. The specific relief sought is as follows:

1. Declare due process and equal protection violations under both federal and state constitutions;
2. Declare the regulation governing the FAD void and unenforceable;
3. Declare that plaintiff has a liberty interest in parole;
4. Declare that due process provides at least a limited right to confront and cross-examine adverse experts;
5. Declare that due process requires access to raw data and scores underscoring the FAD's evaluations;
6. Issue relief enjoining use of rules governing the FAD;
7. Remove Dr. Hayward's report from plaintiff's parole eligibility file;
8. Attorneys' fees and costs;
9. Other appropriate relief.

II. <u>Motion to Dismiss</u>

   <u>Legal Standard</u>

   In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." <u>Id.</u>, quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004). "[A] complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256 (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).

Discussion

Defendants do not contest plaintiff's right to have his complaint heard in civil rights as opposed to habeas corpus, and this concession appears correct in light of the relief sought, i.e., the relief would not "necessarily invalidate" the rejection of parole eligibility. See Skinner v. Switzer, __U.S.__, 131 S.Ct. 1289 (2011). Also, at the hearing, the undersigned raised the issue that the claims in this case could perhaps be considered part of the Gilman class action regarding parole hearings, and not appropriately brought separately. See Gilman v. Brown, No. 2:05-cv-0830 LKK GGH. However, on September 7, 2012, the class of plaintiffs for Claims 1, 3 and 6 in Gilman, which concern due process issues and most closely resemble the claims in the instant case, was de-certified. Doc. 445, Gilman v. Brown, No. 2:05-cv-0830 LKK GGH. Therefore, the instant claims may be brought separately in this action, assuming there is merit to them.

Defendants first argue that they are immune from suit in their roles in the denial of plaintiff's parole. Specifically with respect to the defendants acting in a quasi-judicial role, the

4

Ninth Circuit has recognized that parole officials are entitled to absolute immunity from suits for damages when they perform quasi-judicial functions. Swift v. State of California, 384 F.3d 1184, 1189 (9th Cir. 2004); Sellars v. Procunier, 641 F.2d 1295, 1301, 1303 (9th Cir. 1981). However, absolute immunity does not bar claims for declaratory and injunctive relief in the judicial context. Pulliam v. Allen, 466 U.S. 522, 541-42, 104 S.Ct. 1970 (1984). As the instant case does not seek monetary relief, but only seeks prospective injunctive and declaratory relief, and there is a sufficient allegation of an ongoing violation of federal law, defendants are not immune.

Section 42 §1983 does contain a provision abrogating Pulliam in part:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, *except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable*. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia." [Emphasis added.]

In the instant action there are no allegations that a declaratory decree was violated or declaratory relief was unavailable. "However, absolute judicial immunity does not apply to non-judicial acts, i.e. the administrative, legislative, and executive functions that judges (or quasi judges) may on occasion be assigned to perform." Duvall v. County of Kitsap, 260 F.3d 1124, 1133 (9th Cir. 2001), citing Forrester v. White, 484 U.S. 219, 227, 108 S.Ct. 538 (1988). The Ninth Circuit identified the following factors as relevant to the determination of whether a particular act is judicial in nature:

> (1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at

issue arose directly and immediately out of a confrontation with the judge in his or her official capacity.

Duvall, at 1133.

In the instant action, the specific actions of the individual defendants have not been addressed in sufficient detail for the undersigned to make a determination in what capacity individual defendants were acting. Based on the allegations in the complaint, it would appear that the actions of the individual defendants, who denied plaintiff's parole, would be judicial in nature, and injunctive relief would be foreclosed insofar as an injunction would direct the BPH commissioners in their parole decisions. However, it is doubtful that plaintiff seeks such relief, or that the majority of defendants had anything to do with making a parole eligibility decision in plaintiff's case. The administrative and executive functions of the defendants in creating, implementing and overseeing the FAD system would not appear to be subject to absolute judicial immunity. See Wolfe v. Strankman, 392 F.3d 358, 366 (9th Cir. 2004) ("Since [plaintiff] also sued Chief Justice George in his administrative capacity as Chair of the Judicial Council, we conclude that dismissal is not warranted on the basis of judicial immunity.") Thus, defendants' motion to dismiss based on judicial immunity is denied without prejudice to a fuller exposition of the duties, if any, each defendant acted upon with respect to a judicial decision about parole eligibility in plaintiff's case as opposed to administrative duties in enacting regulations, policies and the like.

The gravamen of this case involves whether plaintiff has presented a cognizable federal due process claim with respect to the denial of parole.[1] Defendants note that relief in parole habeas cases in federal court was substantially limited by the Supreme Court in 2011. On January 24, 2011, the United States Supreme Court in a per curiam decision found that the Ninth Circuit erred in commanding a federal review of the state's application of state law in applying

---

[1] To bring the various supplemental state law claims, plaintiff would need a viable federal claim.

6

the "some evidence" standard in the parole eligibility habeas context. Swarthout v. Cooke, ___ U.S. ___, 131 S. Ct. 859, 861 (2011). Quoting, inter alia, Estelle v. McGuire, 502 U.S. 62, 67 (1991), the Supreme Court re-affirmed that "'federal habeas corpus relief does not lie for errors of state law.'" Id.   While the high court found that the Ninth Circuit's holding that California law does create a liberty interest in parole was "a reasonable application of our cases" (while explicitly not reviewing that holding),[2] the Supreme Court stated:

> When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication-and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal.

Swarthout v. Cooke, at 862.

Citing Greenholtz,[3] the Supreme Court noted it had found under another state's similar parole statute that a prisoner had "received adequate process" when "allowed an opportunity to be heard" and "provided a statement of the reasons why parole was denied." Swarthout v. Cooke, at 862.  Noting their holding therein that "[t]he Constitution [] does not require more," the justices in the instances before them, found the prisoners had "received at least this amount of process: They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied." Id.

---

[2] While not specifically overruling Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc), the Supreme Court instead referenced Pearson v. Muntz, 606 F.3d 606 (9th Cir. 2010), which further explained Hayward.  Thus, the Supreme Court's decision in Swarthout, essentially overruled the general premise of Hayward.  When circuit authority is overruled by the Supreme Court, a district court is no longer bound by that authority, and need not wait until the authority is also expressly overruled.  See Miller v. Gammie, 335 F.3d 889, 899-900 (9th Cir. 2003) (en banc).  Furthermore, "circuit precedent, authoritative at the time it was issued, can be effectively overruled by subsequent Supreme Court decisions that 'are closely on point,' even though those decisions do not expressly overrule the prior circuit precedent." Miller, 335 F.3d at 899 (quoting Galbraith v. County of Santa Clara, 307 F.3d 1119, 1123 (9th Cir. 2002)).  Therefore, this court is not bound by Hayward.

[3] Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979).

7

The Supreme Court was emphatic in asserting "[t]hat should have been the beginning and the end of the federal habeas courts' inquiry...." Swarthout v. Cooke, at 862. "It will not do to pronounce California's 'some evidence' rule to be 'a component' of the liberty interest...." Id., at 863. "No opinion of ours supports converting California's "some evidence" rule into a substantive federal requirement." Id., at 862. The Ninth Circuit recently noted that in light of Swarthout v. Cooke, certain Ninth Circuit jurisprudence had been reversed and "there is no substantive due process right created by California's parole scheme." Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011). Thus, there is no federal due process requirement for a "some evidence" review and federal courts are precluded from review of the state court's application of its "some evidence" standard.

To the extent plaintiff asserts that his denial of parole was not supported by some evidence, any such claim is foreclosed by Swarthout. To the extent plaintiff has attempted to avoid Swarthout by stating that the psychological assessment in his case was flawed or the BPH was biased, plaintiff is still essentially challenging the some evidence relied on by the BPH which remains foreclosed by Swarthout. That plaintiff does not agree with the conclusions of his psychological assessment, namely that he would be in a high range of recidivism, fails to state a federal due process violation as it still involves the some evidence used to deny parole.[4] To the extent plaintiff alleges that he was not allowed to cross-examine the psychologist who performed the interview or that there was no transcript of the interview, these claims also remain foreclosed by the Supreme Court. As stated above, plaintiff was not required to be afforded a full hearing, he was only required an opportunity to be heard and to be provided a statement of why parole was denied which occurred in the instant case. Attempting to recast "some evidence" claims as "bias" claims is equally flawed, as plaintiff has not presented sufficient allegations in his

---

[4] For example, plaintiff's psychological assessment described a lack of insight and negativity, yet according to plaintiff the report did not explain the evidentiary basis for these findings. It is not the job of federal courts to review the evidence and evaluate the evidentiary basis for the findings in state court parole cases. See Swarthout.

complaint of a biased BPH. Simply stating that the psychological assessment was flawed and biased and thus the BPH was biased, without any support, fails to state a claim that is plausible on its face. Plaintiff has only presented conclusory allegations. While plaintiff challenges the conclusions of the assessment, plaintiff is simply disagreeing with the opinion of that report and has failed to present sufficient factual statements in support. Nor is federal relief available for the state improperly following state law with respect to plaintiff's denial of parole, as raised in several claims.

Plaintiff analogizes his allegations to the claims set forth in Gilman, where that court found that plaintiffs could make out a prima facie case of a due process violation if a BPH hearing was presided over by officers with an unconstitutional bias. Gilman v. Brown, 2012 WL 1969200 *4 (E.D. Cal. May 31, 2012). While this is accurate, plaintiff must allege more than a conclusory statement that the BPH was unconstitutionally biased, or the Supreme Court's decision in Swarthout would be rendered meaningless. Plaintiff must present these allegations in light of Ashcroft v. Iqbal, 556 U.S. 662 (2009), as described above. In the instant case, plaintiff has failed to present sufficient allegations that his specific parole decision or psychological assessment was the result of any bias against him by defendants.

However, while plaintiff's allegations regarding his specific case have failed to state a claim, plaintiff may be able to set forth a claim regarding a systemic problem with the psychological assessments and the BPH. If, as plaintiff alleges, the psychological assessments were purposely contrived to be deficient and are used as part of a pattern or practice to provide a false evidentiary basis for the BPH commissioners to deny parole, then this would state a federal due process claim. Yet, simply stating that allegation is insufficient. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

During the hearing, plaintiff repeatedly referenced that evidence would eventually surface or become known regarding the true reasons and motives for the psychological assessments and the relationship to the BPH denials.  However, plaintiff never actually described the evidence itself that would eventually be disclosed.  With respect to allegations in the complaint regarding a systemic problem, the complaint does not contain sufficient factual matter.  Plaintiff states that the risk assessment tools used by the BPH have been found not to be valid predictors of future violence, yet these alleged deficient tools themselves are not even described.  Complaint at 13.  Simply stating the predictors are deficient is insufficient.  There is little else in the complaint that speaks to a systemic problem other than all prisoners having a BPH hearing receive a psychological assessment.  That prisoners with the potential for serving life sentences undergo a psychological assessment prior to a parole determination, does not necessarily equate to a due process violation.

Most importantly, plaintiff presents hardly any statistical information regarding how numerous parole denials are the result of these biased and flawed assessments.  Plaintiff contends that less than 1% of prisoners are granted parole at their first hearings, therefore there is a due process "bias" violation and the psychological assessments are also at fault.  In essence, plaintiff has described his experience with the assessment, assumes it was the result of a biased and flawed psychological assessment contrived to deny him parole and then concludes a majority of other prisoners must have suffered the same result.  This is insufficient to state a claim of systematic abuse and is mere speculation.[5]  Plaintiff will be allowed to file an amended complaint to cure these deficiencies.

/////

/////

---

[5] If, for example, plaintiff had posited a previous 10% grant rate for first time parole seeker, and then alleged that a psychological review system was put in place in order to reduce this figure, and indeed, it was reduced to 1%, a systemic bias claim might well be sustained.

1  IT IS HEREBY ORDERED that the motion to dismiss (Doc. 11) is granted, but
2  plaintiff may file an amended complaint within 28 days.[6]
3  DATED: October 18, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH: AB
john1059.mtd

---

[6] Because the granting of a motion to dismiss with leave to amend is not dispositive of the action, the undersigned issues an order in lieu of a Findings and Recommendations.