1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                  FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10

11    SAM JOHNSON,

12              Plaintiff,                    No. 2:12-cv-1059 KJM AC P

13         vs.

14    JENNIFER SHAFFER, *et. al.*,

15              Defendants.                    ORDER

16    _____/

17              Plaintiff, a state prisoner housed at San Quentin State Prison and proceeding with

18    retained counsel, seeks relief pursuant to 42 U.S.C. § 1983.  Before the court is non-party Luis

19    Renteria's November 19, 2012 motion to be joined in this case.  Neither plaintiff nor defendants

20    have responded to this motion.  On review of the motion and good cause appearing therefor,

21    THE COURT FINDS AS FOLLOWS:

22                    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

23              Plaintiff initiated this action on April 20, 2012 and is proceeding on a first

24    amended complaint filed November 15, 2012.  Plaintiff seeks declaratory and injunctive relief

25    against various State defendants for their allegedly unconstitutional bias in implementing a

26    system of fabricated evidence to support their decisions to deny parole.  Plaintiff accuses

1

1   officials of the State of California, including the Governor, the Secretary of the California

2   Department of Corrections and Rehabilitation ("CDCR") and various officials of the Board of

3   Parole Hearings ("BPH") for ordering a psychological evaluation by the Forensic Assessment

4   Division ("FAD") for every inmate who has been sentenced to an indeterminate period of

5   imprisonment ("Lifer") and who is facing a parole hearing.  Plaintiff asserts that the FAD

6   reports, which are purportedly used to assist the Board in determining an inmate's future

7   propensity for violence, are based on tools that are inaccurate measures of an inmate's risk of

8   future violence and on factors with no statistical correlation to risk.  Plaintiff claims that the BPH

9   implemented psychological evaluations by the FAD with the purpose of limiting parole

10  availability to Lifer inmates.

11           Plaintiff is serving a sentence of 25 years to life following a 1991 conviction for

12  first degree murder, robbery and assault.  He claims that, in preparation for his April 2010 parole

13  hearing, he was required to undergo a psychological evaluation by an FAD evaluator, Dr.

14  Richard Hayward.  Plaintiff contends that the FAD report prepared by Dr. Hayward was replete

15  with findings unsupported by any evidence and made a projection of plaintiff's future risk of

16  violence that was contradictory to other findings made by the same psychologist in the same

17  report.  In total, plaintiff claims that the FAD report contained nine substantial errors.  This

18  report was relied on by the BPH in finding plaintiff unsuitable for parole at the April 2010 parole

19  hearing.  Plaintiff also claims that the BPH failed to abide by its own rules that require it to order

20  a new FAD report if the initial FAD report is found to contain errors; that the BPH failed to

21  allow the psychologist who prepared the FAD report to appear as witnesses at the parole board

22  hearing; and that the BPH refused to consider objections to the FAD report.  Plaintiff's next

23  parole consideration hearing is scheduled for April 21, 2013.  Plaintiff now seeks, inter alia,

24  expungement of this report from his prison file and declaratory relief that the regulations

25  governing the FAD and its psychological evaluations are void and unenforceable.

26  ////

DISCUSSION

Rule 20(a) of the Federal Rules of Civil Procedure permits the joinder of plaintiffs in one action if: (1) the plaintiffs assert any right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences, and (2) there are common questions of law or fact. Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997).

The permissive joinder rule "is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency, 558 F.2d 914, 917 (9th Cir. 1997). The purpose of Rule 20(a) is to address the "broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966).

For there to be transactional relatedness under Rule 20(a)(1)(A), the claims must arise out of the same transaction, occurrence, or series of transactions or occurrences. Fed. R. Civ. P. 20(a)(1)(A). There is no bright-line definition of "transaction," "occurrence," or "series." Instead, courts assess the facts of each case individually to determine whether joinder is sensible in light of the underlying policies of permissive party joinder. Coughlin, 130 F.3d at 1350. Although there might be different occurrences, where the claims involve enough related operative facts, joinder in a single case may be appropriate.

The second part of the joinder test requires commonality. Commonality under Rule 20(a)(1)(B) is not a particularly stringent test. Bridgeport Music, Inc. v. 11 C Music, 202 F.R.D. 229, 231 (M.D. Tenn. 2001) ("the common question test[ ] is usually easy to satisfy"). The Rule requires only a single common question, not multiple common questions. Fed. R. Civ. P. 20 ("any question of law or fact common to ..."). The common question may be one of fact or of law and need not be the most important or predominant issue in the litigation. See Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974) (Fed. R. Civ. P. 20(a) does not establish a quantitative or qualitative test for commonality).

3

1      Here, non-party Luis Renteria, presently housed at California State Prison – Los

2  Angeles, seeks to be joined in this action on the ground that he, like plaintiff, was found

3  unsuitable for parole based on the BPH's reliance on an erroneous FAD report.  In anticipation

4  of his March 22, 2010 parole consideration hearing, Renteria was required to undergo a FAD

5  psychological evaluation.  According to Renteria, the report that issued from this evaluation

6  contained false information and evaluations based upon this false information.  In response,

7  Renteria hired an independent private psychologist to issue a second report for the hearing.  The

8  FAD report and the private psychologist report were in conflict with each other related to

9  completed findings.  Regardless, the BPH relied on the FAD report.  Renteria then claims that,

10  although he filed objections to the FAD report, the BPH did not order a new FAD report in

11  violation of its own regulations.  Lastly, he claims that the FAD psychologist was not made

12  available for cross-examination during the parole consideration hearing.  Renteria was given a

13  five-year denial of parole.

14      On review, the court finds that Renteria's allegations lack the requisite similarity

15  in transaction or occurrence to justify joinder.  Although Johnson and Renteria both allege

16  systemic unconstitutional practices by the BPH and FAD, each inmate's cause of action under §

17  1983 arises from application of the defendants' practices to deprive him individually of his

18  rights.  Each inmate's right to relief will therefore turn on matters of proof involving his own

19  forensic psychological assessment and parole hearing(s).  Litigation of the merits of the claims

20  will necessarily involve evidence related to each inmate's family and social history, criminal

21  history, behavior while incarcerated, et cetera.  In short, each claim will require its own review

22  of entirely separate events in addition to consideration of the policies and procedures at issue.

23      Moreover, even assuming arguendo that Renteria has met Rule 20's requirements

24  for joinder, the court will deny this request in light of the inevitable procedural hurdles that will

25  arise due to the fact that plaintiff is proceeding with counsel and Renteria would be a pro per

26  plaintiff.  If Renteria is allowed to proceed in this action with plaintiff, then under Rules 7, 8, and

4

1   11 of the Federal Rules of Civil Procedure, each plaintiff must sign every filing made in this case

2   on behalf of the group.  The failure of any plaintiff to sign a particular pleading could be

3   prejudicial to him and possibly subject his claims to dismissal.  The court is aware that the

4   routine practices of prison life often prohibit or delay communications between prisoners.  The

5   potential problems that this situation could cause are obvious, including delays in filing, the

6   potential for multiple filings, and disagreements on litigation tactics.  The court is not inclined to

7   accept multiple filings from different plaintiffs in the same case, or to delay filing deadlines until

8   both plaintiffs, located at different institutions, can sign a single pleading.

9          This court concludes that the interests of justice are not served by joinder of

10  Renteria in this action.  Rule 20 is designed to promote judicial economy, and reduce

11  inconvenience, delay, and added expense.  Here, efficiency will not be promoted by allowing

12  one plaintiff to proceed with counsel and a second plaintiff, housed at a different institution, to

13  proceed in pro per.  Avoidance of possible prejudice to the individual plaintiff, delay reduction,

14  and avoidance of confusion call for these claims to proceed separately.

15         Accordingly, IT IS HEREBY ORDERED that Luis Renteria's November 19,

16  2012 motion to be joined is denied.

17  DATED: January 10, 2013.

18

19                         ALLISON CLAIRE
                           UNITED STATES MAGISTRATE JUDGE

20

21  /mb;john1059.joinder

22

23

24

25

26

5