UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM JOHNSON, | No. 2:12-cv-1059 KJM AC |
| Plaintiff, | |
| v. | ORDER |
| JENNIFER SHAFFER, et al., | |
| Defendants. | |

Plaintiff has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 1, 2013, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Defendants have filed objections to the findings and recommendations to which plaintiff has filed a reply.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis. Given the nature of the action as a class action, with plaintiff represented by counsel, the court

/////

1

withdraws the reference to the magistrate judge, and sets the matter for a status conference. *See* L.R. 101, 240(c), 302.

  Accordingly, IT IS HEREBY ORDERED that:

  1. The findings and recommendations filed November 1, 2013 are adopted in full.

  2. Plaintiff's motion for class certification (ECF No. 29) is granted.

  3. Defendant's motion for summary judgment (ECF No. 30) is granted in part and denied in part as follows:

    a. Granted as to plaintiff's equal protection and pendent state law claims;

    b. Denied as to plaintiff's due process claims insofar as defendants rely on <u>Swarthout v. Cooke</u>, ___ U.S. ___, 131 S. Ct. 859 (2011); and

    c. Denied in all other respects without prejudice to renewal following close of discovery.

  4. A Status (Pretrial Scheduling) Conference is set for May 1, 2014 at 2:30 P.M. before the undersigned in Courtroom Three. All parties to the action shall appear in person at the Status Conference through lead counsel or on their own behalf if acting without counsel. Requests for a continuance of the status conference are not favored and will not be granted in the absence of a true emergency and, in any event, will not be entertained unless made in writing at least FIVE (5) DAYS prior to the scheduled conference.

  5. At least twenty−one (21) calendar days before the Status Conference is held, parties shall confer as contemplated by Federal Rule of Civil Procedure 26 and Local Rule 240(b). The parties shall submit, at least seven (7) days prior to the Status Conference, a Joint Status Report that includes the Rule 26(f) discovery plan, with all named parties participating in the preparation and completion of the report. The status report shall address the following matters:

    (a) a brief summary of the claims and legal theories under which recovery is sought or liability is denied;

    (b) status of service upon all defendants and cross−defendants;

    (c) possible joinder of additional parties;

    (d) contemplated amendments to the pleadings, including to simplify or clarify the issues and eliminate previous claims and defenses;

    (e) the statutory bases for jurisdiction and venue;

    (f) anticipated discovery and the scheduling of discovery, including:

      (1) what changes, if any, should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made, and whether further discovery conferences should be held;

      (2) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases;

      (3) what changes, if any, should be made in the limitations on discovery 27 imposed under the Civil Rules and what other limitations, if any, should be imposed;

      (4) the timing of the disclosure of expert witnesses and information required by Rule 26(a)(2); and

      (5) proposed dates for discovery cut−off.

    (g) contemplated dispositive or other motions and a proposed date by which all non−discovery motions shall be heard;

    (h) methods that can be used from the outset to avoid unnecessary proof and cumulative evidence, and anticipated limitations or restrictions on the use of testimony under Federal Rule of Evidence 702;

    (i) a proposed date for final pretrial conference;

    (j) a proposed date for trial, estimated number of days of trial, and whether any party has demanded a jury;

    (k) appropriateness of special procedures such as reference to a special master or agreement to try the matter before the assigned magistrate judge pursuant to 28 U.S.C. 636(c);

/////

        (l) proposed modification of standard pretrial procedures because of the simplicity or complexity of the case;

        (m) whether the case is related to any other case pending in this district, including the bankruptcy court of this district;

        (n) optimal timing and method for settlement discussions, including whether a court−convened settlement conference should be scheduled, whether in the case of a jury trial the parties will stipulate to the trial judge acting as a settlement judge, and the parties' positions with respect to Voluntary Dispute Resolution (VDRP) as required by Local Rule 271(d); and

        (o) any other matters that may be conducive to the just and expeditious 19 disposition of the case.

6.     The court, upon review of the joint status report and following the status conference, will issue a scheduling order governing the future course of the litigation. Counsel are directed to read that order carefully once it is issued. Requests to modify or vacate any date set forth in the order will not be favored and will not be granted absent good cause.

7.     In the extraordinary event the parties are not able to file a joint status report, each party must file an individual status report and attach a declaration setting forth, in detail, the extraordinary circumstances that prevented the parties from filing a joint status report.

DATED: March 31, 2014.

_____
UNITED STATES DISTRICT JUDGE