UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SAM JOHNSON**, *on behalf of himself and all others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> **JENNIFER SHAFFER,** et al., <br><br> Defendants. | No. 2:12-cv-01059 KJM AC P <br><br> **ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR ATTORNEYS' FEES AND COSTS** |

  This matter comes before the Court upon consideration of Plaintiffs' Unopposed Motion for Attorneys' Fees and Costs. See ECF No. 86. Having considered the briefing in support of the motion, any responses received from class members, relevant legal authority, and the record in this case, the Court finds good cause to GRANT the motion.

  The Amended Stipulated Settlement in this matter, ECF No. 83, provides that Defendants would not oppose Plaintiffs' motion for fees and costs as long as the requested total award did not exceed $120,000.[1] Plaintiffs' motion seeks an award of $119,796.05. Pursuant to Federal Rule of Civil Procedure 23(h), class members were informed about the fee request in the Class Notice, and a full copy of the Stipulated Settlement was made available to all class members in the prison

---

[1] This matter is decided on the papers, without oral argument, because the motion remains unopposed. See Amended Stipulated Settlement, ECF No. 83 at 6:22-7.

1

1  libraries.  Class members were afforded an opportunity to comment on or object to the Stipulated
2  Settlement or the award of fees.

3  After review of all briefing and evidence presented, this Court finds that the requested
4  award of $119,796.05 is fair and reasonable.  Plaintiffs' action sought to compel the Board of
5  Parole Hearings to reform its forensic assessment protocol.  The settlement achieves just that:
6  Among other things, Defendants have agreed to provide additional training for commissioners on
7  recidivism and how to interpret risk assessments; to provide more timely assessment reports; to
8  establish a formal appeal process through which members of the plaintiff class may correct errors
9  in psychological reports before they are considered by commissioners in determining parole
10 suitability; and to insert clarifying language into the reports that explains the tests and risk ratings
11 used.  See Amended Stipulated Settlement, ECF No. 83 at 3-5.

12 To reach this result, Plaintiffs spent roughly four years investigating and litigating this
13 matter.  Plaintiffs conducted extensive discovery, which involved numerous depositions of Board
14 officials and Board psychologists as well as production of training materials, reports, and other
15 documents.  Defendants vigorously contested the claims; as a result, Plaintiffs had to expend
16 significant time and resources in opposing Defendants' motion to dismiss, motion for summary
17 judgment, and motion for judgment on the pleadings; in litigating class certification; and in
18 addressing numerous other matters including discovery disputes.

19 The fee request reasonably reflects the time and labor required to litigate this matter, and
20 was calculated pursuant to the lodestar method:  Plaintiffs' counsel kept contemporaneous time
21 records detailing the hours worked on the case and the nature of each task completed.  Wattley
22 Decl., ¶ 8.  Although counsel represented Plaintiffs without charge, counsel exercised the same
23 billing judgment applied to privately billed clients.  Wattley Decl., ¶ 8.  Gonzalez v. City of
24 Maywood, 729 F.3d 1196, 1202 (9th Cir. 2013) ("Ultimately, a 'reasonable' number of hours
25 equals '[t]he number of hours . . . [which] could reasonably have been billed to a private client.")
26 (citations omitted, alterations in original).

27 The lodestar method of calculating fees is strongly presumed to be reasonable.  Oviatt v.
28 Pearce, 954 F.2d 1470, 1482 (9th Cir. 1992) ("There is a strong presumption that the lodestar

2

1 figure is reasonable, and adjustments are to be adopted only in exceptional cases."); Morales v.
2 City of San Rafael, 96 F.3d 359, 363 n.8 (9th Cir. 1996).  In the present case, application of the
3 lodestar method requires multiplying 501.9 hours by $212.50/hour, resulting in $106,653.75 in
4 attorneys' fees.

5     Plaintiffs' requested award also fairly reflects the novelty and difficulty of the questions
6 presented, the skill required in litigating this complex case, and the fact that Plaintiffs' counsel
7 litigated this matter on a contingency basis and expended significant time and resources doing so.

8     This court finds that the total request for $119,796.05 in attorneys' fees ($106,653.75) and
9 costs ($9500.00 expert witness fee, and $3642.30 expenses) is fair, adequate and reasonable.

10     Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Unopposed Motion for
11 Attorneys' Fees and Costs, ECF No. 86, is GRANTED.  Defendants shall remit payment to
12 Plaintiffs' counsel in the amount of $119,796.05, not later than 30 days after the filing date of this
13 Order, subject to interest thereafter as provided in 28 U.S.C. § 1961.

14     SO ORDERED.

15 DATED: November 9, 2015

                         ALLISON CLAIRE
                         UNITED STATES MAGISTRATE JUDGE